Submitted on briefs January 8, modified January 22, 1929.

ELLEN SHEELEY SMITH *v.* WILLIAM A. SMITH.

(273 Pac. 715.)

For appellant there was a brief over the name of *Messrs. Joseph, Haney & Littlefield.*

For respondent there was a brief over the name of *Mr. Glen R. Metzger.*

ROSSMAN, J.—We have carefully read the evidence; we are satisfied that it supports the court's findings in favor of the plaintiff upon her charges of cruel and inhuman treatment, and also the finding that the defendant's averments were not warranted by the facts. That part of the decree which awarded the divorce to the plaintiff is, therefore, affirmed. We do not find, however, that the facts justify an award to the plaintiff of $35 a month for two years' time. When the parties were married the plaintiff was fifty-five years of age and the defendant was fifty-one. At the end of approximately four and one-half years of endeavor to live together happily they separated, satisfied that further cohabitation would only increase their discord. Both had been married before; the plaintiff was a sister of the defendant's former wife. They had known each other for almost eighteen years' time; thus each was aware of the other's financial condition, disposition and of the likelihood of their marriage venture bringing to them unhappiness or dissension. Discord soon

began to manifest itself, and while we find that the defendant was the party at fault, the circumstances do not demand that alimony be allowed for the purpose of penalization. The defendant's offenses against his matrimonial vows consisted of long-continued pouting spells, sulkiness and the display at times of an aggravated niggardliness. Perhaps he did not select this disposition for himself, but was encumbered thus with an unhappy nature, due to the fact that the disposition of men, unlike wine, does not always improve with age, but sometimes sours. Tempering the amount which should be allowed is the fact that the defendant is somewhat crippled as a result of an accident which befell him several years ago. The plaintiff's health is impaired, but for this circumstance the defendant is not responsible; upon the other hand, during the four and one-half years' of their cohabitation he spent substantial amounts in her behalf for hospital and medical treatment. The defendant is employed in a saw-mill at a wage of $7.50 per day; he is possessed of practically no assets except the real property previously mentioned. The plaintiff has four adult sons and the defendant has one. We believe that when the plaintiff has acquired a half interest in the property now owned by both as an estate by the entirety, and also a third interest in the two Portland lots, she will have been fairly dealt with. All of this was owned by the defendant prior to this marriage.

The findings of fact and the decree of the lower court will be adopted as our own, except we shall eliminate the order for the alimony payments. Costs to neither party. · Modified.