Argued January 26; affirmed March 8, 1938

## FOWLER *v.* FOWLER
(76 P. (2d) 1132)

Department 1.

*George P. Winslow*, of Tillamook, for appellant.

*Earl F. Bernard*, of Portland (Collier, Collier & Bernard, of Portland, on the brief), for respondent.

ROSSMAN, J.   January 23, 1936, when the plaintiff and the defendant were, respectively, 65 and 53 years of age, they married. The very first night trouble occurred. A few days later the two separated, and 19 days after the marriage, that is, on February 11, 1936, the plaintiff instituted a suit for divorce, charging cruel and inhuman treatment. Shortly thereafter, at the instance of the defendant, a reconciliation was effected and the matrimonial relationship was resumed. However, discord soon manifested itself again, and on May 7, 1936, the defendant again left the plaintiff. A day or two later the plaintiff filed an amended and supplemental complaint. About June 15, 1936, the two again adjusted their differences and resumed living together. However, trouble soon broke out once more and reached a climax on July 26, 1936, only six months after the marriage. At 2 a. m. of that day the plaintiff came home, searched for his gun, which the defendant had hidden, and being unable to find it broke open the door of his wife's room and there an encounter took place. The defendant fled to a neighbor's home and did not again return to the plaintiff. The latter filed a second and supplemental complaint. Like the other two it charged cruel and inhuman treatment. It was met with an answer which made like charges against the plaintiff. Upon the trial a divorce was awarded to the defendant with a judgment for $1,000 maintenance money and $250 attorney's fees. The plaintiff appealed.

■ The plaintiff contends that the divorce should have been awarded to him. According to his testimony, the defendant called him vile names, upon occasions ordered him to leave the house, never manifested any affection, and continuously sought to obtain his property. He, however, described his wife as "a good housekeeper" and testified that she made his home "very

comfortable.'' The defendant, after denying the accusations of improper conduct, swore that the plaintiff was extremely jealous, that he was cross, rarely manifested appreciation, and described him as ''ornery.'' She testified that she hid the plaintiff's gun on account of threats which he had made, that the encounter of July 26 was unprovoked by herself, and that during its course bodily injuries were inflicted upon her. She testified that upon each occasion when she left the home the plaintiff had been cruel and in peremptory language had demanded that she leave. She also testified that after she left, except upon the third occasion, the plaintiff promised that he would improve his conduct, but that immediately after her return he promptly forgot his promises.

Somewhere in this conflicting testimony lies the truth. This was the plaintiff's fourth marriage and the defendant's third. Each had been in the divorce courts before. The trial judge who patiently listened to the narratives of the witnesses concluded that the plaintiff, and not the defendant, was at fault. He had an advantage which we do not possess—the opportunity of studying the countenances of the two where their life history was to some extent written. We quote from another:

> ''In the face judicious eyes may find
> The symptoms of a good or evil mind.''

As we said, the decree was granted to the defendant. We know of no reason for disturbing that disposition of the cause.

■ The plaintiff complains particularly about that part of the decree which awarded the defendant a judgment against him for $1,000 maintenance money. At the time of the trial he was 65 years of age and swore that

he was in poor health. He owns two parcels of property at Rockaway on the Oregon coast, upon one of which there stand his home and four small cottages or cabins which he rents to vacationists. The other is a lot 150 feet in length which is 8 feet wide at one end and broadens to a width of about 24 feet at the other. It is improved with a one-story building, cheaply constructed, which houses a beer parlor operated by the plaintiff and some store rooms housing a restaurant, fruit stand, etc. This property is favorably situated. Witnesses swore that the two properties were together worth about $3,500 to $3,800. The defendant swore that the plaintiff told her that the properties were worth about $13,000 and that he had refused an offer of $10,000 for them. We believe that the opinions of the plaintiff's witnesses are a more reliable index to the value of the property than the statement made by the defendant. The plaintiff claims that his entire income is less than $1,000 annually, and that if he is forced to borrow money with which to discharge the judgment he will be unable out of his income to pay interest upon the debt, and thus will eventually lose his property. Before their marriage the defendant conducted a small store at Rockaway which produced an income for her of about $100 per month. The income took care of her needs. At the plaintiff's insistence she sold it. The consideration was $1,000, but somehow she was required to give the plaintiff $300 of this amount. Before the sale the plaintiff held out promises of a joint bank account and a division of his property. During the time the two were separated the plaintiff paid to the defendant nothing for her support until, finally, at one time when their differences were reconciled he gave her $275. Thus, it is seen that the judgment for $1,000 does nothing more than to restore the defendant

to the position she occupied prior to marriage. Since the plaintiff was found to be at fault, this adjustment appears to be just.

■ The defendant has moved for the award to her of an attorney's fee for services performed in this court. It will be observed that the circuit court allowed $250 attorney's fees. If the plaintiff were younger, or if he had a more valuable estate and was not afflicted with ill health, the allowance of the motion might be in order; but the value of beach property is speculative and is generally unacceptable for mortgage loans except in modest sums or at high rates of interest. This marriage must have impressed both parties as a venture of doubtful wisdom, and its failure ought not to be at the plaintiff's expense alone. The judgment allowed by the circuit court with its costs and interest will consume virtually one-half of plaintiff's estate. The defendant, according to the uncontradicted evidence, is in good health. She is much younger than the plaintiff. Under the circumstances, we do not believe that we would be justified in allowing the motion. The defendant may, however, have a judgment for her costs and disbursements.

It follows from the above that the decree and judgment of the circuit court is affirmed.

BEAN, C. J., and KELLY and BELT, JJ., concur.