Argued March 1; affirmed March 14; rehearing denied
April 18, 1939

## ALLEN *v.* ALLEN

(88 P. (2d) 288)

Department 1.

*Harold W. Peterson,* of Portland (G. B. Cellars, of Portland, on the brief), for appellant.

*George L. Hibbard,* of Oregon City (Butler & Jack, of Oregon City, on the brief), for respondent.

BEAN, J. This is an appeal from the decree of the circuit court. It involves alimony, the aftermath of a divorce suit.

Plaintiff instituted a suit against his wife on the ground of alleged cruelty. Defendant filed a general denial and cross-complaint, in which she prayed for a decree on the grounds of cruelty. The trial court rendered a decree in defendant's favor, awarding her a divorce from plaintiff; a one-third interest in certain real property owned by plaintiff in Multnomah and Clackamas counties, Oregon; the sum of $30 per month permanent alimony from plaintiff beginning on or about May 1, 1938, and $250 attorneys' fees and costs.

Defendant appeals from that part of the decree which awards her the sum of $30 a month permanent alimony, and in all other respects she acquiesces in the decree, as rendered. She asks that this court modify the trial court's decree by awarding to her, in lieu of the sum of $30 per month permanent alimony the sum of $3,000 lump sum permanent alimony.

Defendant states the facts about as follows: Plaintiff and defendant intermarried in Omaha, Nebraska, on or about June 30, 1904. Plaintiff is a man now past 74 years of age. At the time of his marriage to defendant, he was 40 years old and defendant, a widow hav-

ing a five-year-old son, was 26 or 27. During the greater part of this marriage plaintiff made his home in the timber country about 11 miles out of Molalla, Oregon. While living together, defendant helped plaintiff maintain the home by keeping up a comfortable home, by working and contributing a portion of her salary to defray household expenses and to pay interest on the Portland property mortgage, and by keeping boarders and using the money so received for household expenses. Defendant, for years past, has been working for Meier & Frank Company, and at the time of the trial was receiving $70 per month. Aside from the money which she has so earned, she has had no separate property of her own and it is not shown that defendant contributed anything to the marriage in the way of wealth. Defendant asserts that when they were married plaintiff represented that he owned real property of the value of approximately $30,000.

The trial court found and decreed that the plaintiff is the owner of Lots 9 and 12, Block 7, Sunnyside, in the city of Portland, Multnomah county, of the fair value of $2,500, being encumbered with a mortgage of $1,500 and unpaid taxes of approximately $300; the West Half of the Southeast Quarter and the East Half of the Southwest Quarter, Section 20, Township 6 South, Range 3 East of the Willamette Meridian, County of Clackamas; West Half of the Southeast Quarter and West Half of the Northeast Quarter of Section 18, Township 6 South, Range 3 East of the Willamette Meridian, County of Clackamas. The value of the land is $800, and the value of the timber $2,700.

Defendant asserts that plaintiff owned logging equipment, including a tractor and donkey engine, and mill equipment of the value of $350 to $500, and a

balance of $1,000 due April, 1938, on timber sold to one Mortenson. The plaintiff also owns the North Half of the Northwest Quarter of Section 21, Township 105, Range 30 in Watonwon County, Minnesota, having a fair value of $4,500.

■ ■ The allowance of alimony to a wife should depend upon the facts and circumstances of each particular case. Consideration should be given to the social standing, the conduct and general physical condition of the parties, in reaching a decision as to the amount of permanent alimony, as well as to their financial circumstances: 19 C. J. 266, § 614; 17 Am. Juris. 470, § 602.

■ We have given careful consideration to the testimony and the circumstances relating to this unfortunate affair. We believe that the decree of the circuit court in awarding property and alimony was equitable and fair, and the discretion of the trial court should not be disturbed. To grant the request of the defendant and allow her $3,000 alimony in a lump sum, unless circumstances were very favorable, would take all of plaintiff's property. He would undoubtedly be compelled to mortgage his property. He has already lost a portion of the property that has been mortgaged and would be in a fair way of losing the remainder. One-third of the real estate described, awarded to the defendant, and the $30 per month alimony seems to us to be an equitable distribution of what the parties now have.

■ The property owned by plaintiff was stipulated by the attorneys in the case, together with the value of the different items, but the property owned by plaintiff which the decree awarded to defendant was not described in defendant's answer. In order to form a proper basis for the decree, we think that the decree

should be opened up in the trial court and that the property owned by plaintiff and awarded to defendant should be set forth and described in the answer, in order that the title to defendant's one-third may be complete. The cause will be remanded to the circuit court for the purpose of allowing such an amendment to defendant's answer and cross-complaint, and then entering a decree.

With this suggested change the decree of the circuit court should be affirmed, neither party to recover costs in this court. It is so ordered.

RAND, C. J., and KELLY and ROSSMAN, JJ., concur.