Argued March 18; modified May 11, 1948

# STRICKLAND *v.* STRICKLAND

192 P. (2d) 986

*C. O. Fenlason,* of Portland, argued the cause and filed a brief for appellant.

*Earl F. Bernard* argued the cause for respondent. On the brief were Collier & Bernard, of Portland.

Before ROSSMAN, Chief Justice, and BELT, KELLY, BAILEY and HAY, Justices.

BAILEY, J.

Plaintiff, Graeme H. Strickland, and defendant, Ruby Maymie Strickland, were married on June 7, 1929. Two daughters, Diane, born October 5, 1933, and Suzzanne, born February 20, 1935, are the issue of this marriage. In December, 1942, plaintiff, Dr. Strickland, entered the armed forces as lieutenant in the United States Naval Reserve. While he was in the service, and on May 10, 1944, he instituted divorce proceedings in Multnomah County against the defendant. Defendant's answer contained a general denial of the charges of cruel and inhuman treatment, of which she was accused by plaintiff, and a counterclaim in which she asked that she be granted a decree of divorce, that she be awarded the care, custody and control of the two minor children, and that the plaintiff be required to pay to her the sum of $50 per month for the support of each of the two children, and $100 per month as permanent alimony. On July 11, 1945, a decree was entered in accordance with the prayer of defendant's counterclaim.

Defendant, on January 31, 1947, filed a motion for

an order modifying the decree by requiring the plaintiff to pay to her $300 per month for her maintenance and support, as permanent alimony, and $90 per month for each of their two daughters for their support, nurture, and maintenance. This motion was resisted by the plaintiff, except that he admitted the allowances for the daughters should be increased. After a hearing the court entered an order which modified the decree by increasing the allowance of each of the two children from $50 to $80 per month and which denied any increase of the allowance to the defendant. From this order the defendant has appealed.

Plaintiff and defendant, on or about June 23, 1945, entered into a property settlement agreement which was approved by the court in the divorce proceedings. By the terms of that agreement plaintiff (1) turned over to defendant all the household furniture and furnishings, estimated by plaintiff to be of the value of $4000 and by the defendant of $2000; (2) assigned to defendant the balance due from the sale of their home, amounting to $3200; (3) assigned to the defendant one-half of his interest in a trust estate created by the will of his deceased father, the interest so assigned being of an indefinite value, but estimated by plaintiff to be of the value of $5000; (4) paid to the defendant $2000 in cash; (5) agreed to keep their two children as beneficiaries in a family income policy in the sum of $4000 and to pay the premiums thereon; (6) agreed to make and retain the defendant as beneficiary of two life insurance policies aggregating $15,000, so long as she shall remain unmarried, and to pay the premiums thereon; (7) agreed to pay $100 a month toward the maintenance of the defendant, and $100 a month toward the nurture and education of the two minor children; and (8) waived any claim in the automobile

standing in the name of the defendant. In addition thereto plaintiff turned over to defendant his automobile which she sold for $300.

This agreement further provides that in the event of a divorce between the husband and wife the amount of monthly payments therein provided for the support and maintenance of the wife and children "shall be subject to the statutory right of the Court decreeing the divorce or other Court of appropriate jurisdiction to modify the same whether by way of increase or decrease in the usual manner for the usual causes, and this right of the Court to so modify any future alimony payments to the wife or payments to her for the care, support and education of the children is of the essence."

Defendant applied most of the money which she received in the settlement toward the building of a home for herself and daughters. The balance of the construction cost is being paid by her in monthly installments. All her time is required in providing a home for her daughters. Her only income is what she receives from the plaintiff.

In January, 1946, plaintiff remarried and has one child by that marriage. He was discharged from the navy early in 1946, and on February 16 of that year resumed the practice of medicine with his brother in Oregon City. Dr. Strickland has practiced his profession since 1933. At the time of the hearing on the motion he was 40, and the defendant 39, years of age.

During the time Dr. Strickland was in the service he was receiving $332 a month, and he paid to his wife, under the terms of the divorce decree, $200 a month. For the part of the year 1946 that Dr. Strickland was associated with his brother he received as his one-half share of the income of the partnership, after payment of partnership expenses, the sum of $16,564. In addi-

tion to that amount he received during the year 1946 the sum of $400 from the United States Navy.

In October, 1945, Dr. Strickland purchased a 1938 Plymouth automobile for $750 to be used in his private practice. In November, 1946, he purchased a 1946 Chrysler automobile and was allowed on the purchase price thereof the sum of $350 for the Plymouth. He testified that the Chrysler cost him "around $2400".

Plaintiff, in his brief, has compiled a list of the items which he claims should be deducted from his 1946 gross income in order to arrive at his net income for that year. One of them is $955.62 for gas, oil, and repairs. According to the income tax statements (1946 federal and state) filed by Dr. Strickland, this $955.62 includes $583.12 for gas, oil, and repairs, $250 for depreciation ($100 on the Plymouth and $150 on the Chrysler) and $122.50 for medical books and dues. This latter amount is also set forth as a separate item in the tabulation. The Chrysler car is listed at $2590. The income tax returns show $150 depreciation on this automobile for the months of November and December, 1946, i. e., a depreciation at the rate of $75 per month. There are included in the list $1800 for a one-half interest in X-ray machine and $300 for a one-half interest in heart machine. This equipment is necessary for plaintiff's practice. It lasts about ten years and should be depreciated over a ten-year period. Dr. Strickland has also included in deductible items $3153.15 and $353 as federal and state income taxes for 1946, and the sum of $466 for state taxes during the period that plaintiff was in the navy. The total amount which plaintiff contends should be deducted from the gross income adds up to $13,555.52.

We think that by deducting the following items from

Dr. Strickland's 1946 gross income we shall arrive at
his approximate net income for that year before
payment of income taxes:

| | |
|---|---:|
| Gas, oil, repairs (automobile) | $ 583.12 |
| Medical dues and books | 122.50 |
| Loss on sale of Plymouth automobile | 400.00 |
| Depreciation on Chrysler automobile, 2 months at $75 per month | 150.00 |
| Depreciation on ½ interest in X-ray machine, at 10% per annum | 180.00 |
| Depreciation on ½ interest in heart machine, at 10% per annum | 30.00 |
| ½ interest in bookkeeping system | 150.00 |
| Alimony, $100 per month | 1200.00 |
| Insurance premiums on policies where defendant and children are beneficiaries | 379.75 |
| | $3195.37 |

Dr. Strickland's gross income for 1946 was, as
hereinbefore stated, $16,964. Subtracting therefrom
the amount of the deductible items, $3195.37, we find
that Dr. Strickland had a net income, before payment
of income taxes, of $13,768.63, and a net income of
$10,262.48 after payment of $3153.15 federal, and $353
state, income taxes.

The record discloses that Dr. Strickland con-
tributed in 1946 toward the support of his two
daughters $485.50 in excess of the amount required by
the decree, or a total of $1685.50. This expenditure
is not deductible from his gross income in ascertaining
his net income. It is in the same category as family
disbursements.

A certified public accountant presented a statement
of income and expense of the partnership for the first
three months of 1947. It showed a net income before
payment of income taxes of $7795.65, one-half of which,

$3897.82, belonged to plaintiff. At that rate Dr. Strickland's income from the partnership for 1947 would amount to $15,591.28. Since there are certain deductible items which he, and not the partnership, is entitled to, this amount does not represent his net income.

Approximately a year prior to the hearing on defendant's motion plaintiff was devised a three-sevenths interest in business property located in Portland, the appraised value of the entire property being about $27,000. The estate had not been closed at the time of the hearing and he had not received any income from his inheritance.

■ In considering the allowance for the support of minor children and for alimony, each case must depend, to a great extent, upon its own facts. *Blake v. Blake,* 147 Or. 43, 53, 31 P. (2d) 768. That there has been a material change in the circumstances of plaintiff, defendant, and their two daughters since the entry of the decree of divorce, it is obvious. Plaintiff has been discharged from the armed forces and is engaged in the practice of his profession where his gross income is four times greater than was his pay in the navy. The cost of clothing, maintaining, and educating the daughters is much greater now than it was at that time, due to their ages and the increased cost of living. And defendant also is confronted with the increased cost of living.

■ The facts are not in dispute. The amount of Dr. Strickland's income is computed from his own evidence. In fixing alimony to be paid by plaintiff the court should take into account the income taxes which he and defendant probably will be compelled to pay. *Kraunz v. Kraunz,* 293 N. Y. 152, 56 N. E. (2d) 90; *Armour v. Armour,* 135 N. J. Eq. 47, 37 A. (2d) 29.

Since October 21, 1942, alimony is taxable income to the recipient and is deductible by the one who pays it. 26 U. S. C. A., Int. Rev. Code, § 22 (k) ; 1 Mertens, Law of Federal Income Taxation, 1947 Cum. Pocket Supp., § 8.16, p. 163.

■■ There is no defined standard by which the amount to be paid as alimony can be determined by precise mathematical calculations. The amount of alimony to be awarded rests largely in the discretion of the trial court and its decision relative thereto should not be disturbed on appeal except in case of clear abuse. *Blake v. Blake,* supra. In determining the allowances to a divorced wife for her support and maintenance and for the care, custody and education of the minor children, it is proper to take into consideration the social standing, comforts, and luxuries of life which she and her children probably would have enjoyed but for the divorce. *Hogan v. Hogan,* 196 Ga. 822, 28 S. E. (2d) 74; *Adams v. Adams,* 17 N. J. Misc. 234, 8 A. (2d) 214; *Packard v. Packard,* 34 Kan. 53, 7 P. 628.

■ After a careful examination of all the evidence we are of the opinion that Dr. Strickland should be and hereby is required to pay to defendant as alimony the sum of $200 a month, and for the care, custody and support of the children $90 a month for each child. The order appealed from is dated June 18, 1947, and provides that the first monthly payment of $80 to each child should be made on or before the first day of July, 1947, and we think that the increased allowances herein awarded should commence on that date, and it is so ordered. Defendant is allowed her costs in this court.

HAY, J., did not participate in this decision.