Argued November 23, 1948; modified February 8, 1949

# MILES *v.* MILES.

202 P. (2d) 485

*William R. Thomas* argued the cause for appellant. On the brief were Morley & Thomas, of Lebanon.

*Orval N. Thompson* argued the cause for respondent. On the brief were Weatherford & Thompson, of Albany.

Before Rossman*, Chief Justice, Lusk†, Brand and Hay, Justices.

HAY, J.

The parties to this suit, Beulah and William Miles, lived together as man and wife for some twenty-one years. The wife then brought suit for divorce on

grounds of cruelty. There was a mere token defense as far as the divorce was concerned, but a spirited one on questions of alimony. A decree of divorce was granted in favor of the wife, with one thousand dollars alimony in gross, $50 a month alimony by installments, custody of the two sons of the parties, with an allowance of $40 a month each for their support, and $250 for attorney's fees. The parties had some real property, consisting of a small farm in the Berlin district of Linn County which they owned as tenants by the entirety, and a house and lot in Lebanon, which they were purchasing, and as to which the purchase price had been paid in full save for $25. They also owned a small tractor, some farm equipment and tools, and the furniture and furnishings of the Lebanon home. The court, by consent of the parties, effected a division of these properties by the decree, the Lebanon property going to plaintiff, and the farm, automobile, tractor, and farming implements to defendant. Three hundred dollars, held in escrow for the parties, was divided equally between them. The defendant was given the right to visit his sons at reasonable times "so long as he is not in default" under the decree. Defendant has appealed, but only from the following portions of the decree: The alimony allowance of $1000 in gross; the allowance of $50 a month installment alimony; the restriction upon the privilege to visit his sons; and the allowance for attorney's fees.

 The proper amount of alimony to be awarded to a divorced wife depends upon the circumstances of each case. No hard and fast rule can be laid down. The necessities of the wife, and the financial ability of the husband, are, of course, the principal factors to be con-

---

* Chief Justice when this case was argued.
† Chief Justice when this opinion was rendered.

sidered. *Nelson,* Divorce and Annulment, 2nd. sec. 14.34; *Fuller v. Fuller,* 175 Or. 136, 151 P. 2d 979; 17 Am. Jur., Divorce and Separation, sections 597, 623. Other circumstances also are relevant as justifying an increased or a decreased allowance in a particular case, such as the capacity of the husband to earn money, especially if he has no estate or other means; the social standing of the parties; their health, age, and general physical condition; and the earning capacity of the wife and the extent of her opportunity to work. *Joliffe v. Joliffe,* 107 Or. 33, 213 P. 415; *Smith v. Smith,* 128 Or. 162, 273 P. 715; *Simpson v. Simpson,* 154 Or. 396, 60 P. 2d 936; *Fowler v. Fowler,* 158 Or. 568, 76 P. 2d 1132; *Allen v. Allen,* 161 Or. 325, 88 P. 2d 288; *Briggs v. Briggs,* 178 Or. 193, 165 P. 2d 772, 166 A. L. R. 666; *Strickland v. Strickland,* 183 Or. 297, 192 P. 2d 986. The grant or refusal of permanent alimony is a matter within the judicial discretion of the trial court, and such discretion will not be disturbed on appeal except for apparent abuse. *Blake v. Blake,* 147 Or. 43, 31 P. 2d 768; *Nelson, op. cit.,* section 14.26.

The defendant is 45 years of age. He is in good health, and is employed by the Cascade Plywood Company at Lebanon. His average "take-home" pay is $250 a month, although, up to within four months of the date of the hearing, it was only $200 a month. We assume, from the amount of his earnings, that he is a laborer.

The plaintiff is 43 years old. Since the separation of the parties, she has been employed as a schoolteacher at a salary of $2400 for an eight-month school year. She is in good health, although not strong enough to do heavy physical labor. Having neither normal-school nor collegiate training, she will be obliged to give up teaching if and when the present shortage of fully

qualified teachers comes to an end. In order to keep her position in the meantime she is required to attend summer school every year. Apparently, she has had some training for the teaching profession, but, to become qualified for a permanent position, she would first be required to attend normal school for a year. She has had no training for any other kind of work.

The older son was about 19 years old at the time of the hearing. He earned $1000 working in a mill that summer. He is a student at Willamette University, and, therefore, is away from home some nine months in the year. The younger son is now about 12 years old.

The farm property consists of 29 acres of land, of which about seven acres are cleared. One acre is in filberts, and there is a family orchard. The uncleared portion is in brush and pasture. There is a dwelling house, which was built by the parties and contains five rooms on the ground floor, with an unfinished upper floor having space of two rooms. There is also a 28' x 30' barn, a chicken-house, a pig-pen, and a garage. The personal property which defendant took as his share in the division consisted of a 1939 Plymouth automobile, a seven or eight-year old tractor, and equipment consisting of a cultivator, a plow, a disc, a rake, and sundry small tools. The testimony regarding the value of the farm was conflicting, ranging from $3500 (William and a real estate man) to $6000 (Beulah and a woman neighbor of hers). As to the value of the tractor and equipment, the testimony varied between $2040 (Beulah) and $1213 (William) for the car and tractor. Beulah testified that they were offered $1000 for "the equipment and plows" a year or so ago.

The value of the Lebanon house is likewise rather difficult to arrive at from the evidence. It was bought in 1943, at a price of $3500, but is worth more now. It is

not a modern house, but is in fair shape, and is located in a fairly good residential area. It has five rooms, but no basement or attic. According to Beulah, it is "furnished adequately, but nothing of value".

Beulah, on cross-examination, admitted that, in her negotiations and settlement with William looking toward a division of the property, the farm was valued at around $6000. In a somewhat nonresponsive answer to a question by her counsel intended to elicit her opinion as to the present value of the Lebanon property, she said: "My opinion is they are of equal value". We assume that she had reference to the farm and town properties, but whether or not her opinion took into account the relative value of the farm equipment and car, on the one hand, and the house furniture and furnishings on the other, we are not advised. Our impression is that an equal division between the parties was intended.

It is suggested that the court's allowance of $1000 alimony in gross as well as alimony by monthly installments was justified by section 9-912, O. C. L. A., as amended by Ch. 407, Oregon Laws 1941, and by Ch. 557, Oregon Laws 1947. That section, as amended, empowered the court, on entering a decree of divorce, to award to the party at whose prayer the decree is given "such undivided interest in, or in severalty, such part or parts or the whole of, the real property or personal property, or both, or right, interest or estate in either or both thereof, owned by the other at the time of such decree, as may be just and proper in all the circumstances, in addition to the further decree for maintenance provided for in section 9-914."

We need not undertake to determine here what was the extent of the authority intended to be conferred upon the courts by section 9-912, as amended. That

section evidently has no application to the present case.

The judgment of $1000 alimony in gross was a simple judgment, and not an award to plaintiff of any part of or interest in defendant's real or personal property.

It is argued that the conduct of defendant toward plaintiff was so exceedingly base that the award of alimony in gross was justified as a penalty. 17 Am. Jur., Divorce and Separation, section 603. Plaintiff's testimony was that defendant was not quarrelsome or physically cruel, "but he ignored me and I knew there was another woman, and of course I couldn't be happy."

In a given case, the court may take into consideration the relative blameworthiness of the parties, and award a lesser sum as alimony than it might have awarded if the prevailing party had been entirely free from fault. *Wilhelm v. Wilhelm*, 126 Or. 388, 394, 270 P. 516. That is a different thing, however, from penalizing a husband because of his conduct toward his wife. Our statute gives no authority to do so. In any event, we are of the opinion that the defendant's conduct in the instant case, while reprehensible, was not sufficiently so to come within a rule authorizing the imposition of a penalty therefor. *Weigand v. Weigand*, 41 N. J. Eq. 202, 3 A. 699, affd. 42 N. J. Eq. 699, 11 A. 113.

As far as the evidence discloses, the defendant has no property other than his small farm, his farm equipment and tools, and the old automobile. His only income is his $250 monthly wage, as it is obvious that the farm, in its present state of development is little more than a mere place to live, and can hardly be considered as income-producing. From his monthly in-

come, defendant must pay plaintiff $50 as alimony and $80 as support money for the children. The plaintiff will have, therefore, for her own maintenance, her salary of $200 a month (figured on an annual salary of $2400), plus $50 a month alimony, or $250, and, after paying for the support of the boys, defendant will have only $137 a month remaining for his own support, or $177 a month when the older boy shall have attained his majority. To require him to pay $1000 alimony in gross, in addition to the other charges against his income, would necessitate his having to sell or mortgage his farm and thereby lessen his ability to pay alimony, or even to maintain himself. *Allen v. Allen,* 161 Or. 325, 328, 88 P. 2d 288. Under their property settlement, as approved by the court, each of the parties has acquired in severalty one-half, or approximately one-half of the property which they formerly owned as tenants by the entirety. The installment-alimony provision for plaintiff, without the addition of alimony in gross, seems to be all that may be reasonably imposed upon defendant under present circumstances. *Smith v. Smith,* 128 Or. 162, 273 P. 715; *Simpson v. Simpson,* supra. The amount of alimony should not be such as will probably take all of defendant's property, nor such as he cannot pay. Nelson, *op. cit.,* section 14.41; *Allen v. Allen,* supra. It would appear to be sounder judgment, and better for plaintiff, to award her a lesser amount which is collectible rather than a larger one of doubtful collectibility. *O'Neill v. O'Neill,* 18 N. J. Misc. 82, 11 A. 2d 128. Should plaintiff's earning power become less, or her necessities become greater, she may apply to the court for a modification of the decree. *Briggs v. Briggs,* 178 Or. 193, 199, 165 P. 2d 772, 166 A. L. R. 666. We are of the opinion that the award of $1000 alimony in gross was an abuse of discretion. The award of in-

stallment alimony having been adequate, under the circumstances, it precluded an additional award of alimony in gross. *Howard v. Howard,* 164 Or. 689, 103 P. 2d 756.

■ The parties stipulated to allow the court to fix the amount to be allowed plaintiff for attorney's fees. The court's allowance of $250 was not unreasonable and will not be disturbed.

■ It was error to limit defendant's privilege of visiting his children to such times as he is not in default under the decree. Nelson, *op. cit.,* section 15.26; *Bartlett v. Bartlett,* 175 Or. 215, 246, 152 P. 2d 402.

The decree should be modified by eliminating the award of $1000 alimony in gross, and by eliminating also, from the paragraph granting defendant the right to visit his children at reasonable times, the words: "so long as he is not in default under this decree."

■ As the real property which the decree awarded to the respective parties was not specifically described in the pleadings, nor was the division or property settlement by the parties set forth therein, the decree in undertaking to award a portion of the real property to each of the parties, was without a proper foundation in the pleadings. The decree, therefore, should be opened by the trial court, and the parties permitted to amend their pleadings so as to lay a proper basis for an award to each of them of his respective share in accordance with their agreement. When this has been done, the court will enter a decree accordingly, with the modification set forth hereinabove. *Allen v. Allen,* supra.

■ We think it proper, under the circumstances of the case, to allow plaintiff her costs on appeal. Section 10-907, O. C. L. A.