Submitted on briefs January 8, affirmed February 5, 1958

# SMITH *v.* SMITH
320 P. 2d 1111

Frank W. King and Arthur E. Prag, Portland, filed a brief for appellant.

Barzee, Leedy & Erwin, Portland, filed a brief for respondent.

PER CURIAM.

Margaret W. Smith, as plaintiff, brought suit for divorce from the defendant, Clarence W. Smith, a doctor of medicine, who, prior to March 14, 1956, practiced his profession with marked success in Portland, Oregon. Shortly after that date, he began his practice anew in Reno, Nevada.

From a decree in favor of plaintiff, the defendant appeals, limiting his claims of error solely to the money amounts and property which the court awarded to plaintiff. His answer admitted, among other things, the charges of cruelty alleged in plaintiff's complaint, which included his romantic attachment for another woman and there said to have been openly, continuously and intimately maintained. He likewise admitted that his wife was a fit and proper person to be granted the care and custody of their two adopted sons, respectively, seven and three years of age at the time plaintiff filed her complaint in August, 1956.

By reason of the defendant's answer, the only issues between the parties related solely to financial and property matters. We refer only to the items from whence the defendant appeals, as disclosed by his notice of appeal and repeated in his brief, i.e., the allowance of $300 per month to Mrs. Smith as alimony; the

further allowance of $100 per month for the maintenance and support of each child; and the award to plaintiff of the sole ownership of the family home, subject to a mortgage with a balance of approximately $8,000 due as of the time of the trial, which the decree obligates the plaintiff to pay at a required rate amounting to about $138 per month, including taxes and insurance.

The record discloses that the doctor was well established in his profession in Portland. In 1955, the year he abandoned his family, and shortly thereafter began his practice of medicine in Nevada, his gross earnings were nearly $42,000, with net income before taxes slightly in excess of $22,000. The value of the home place awarded to plaintiff he places as between $30,000 to $35,000. Mrs. Smith and a disinterested realtor put the value closer to $25,000.

■ The amount of alimony to be awarded, as well as the amount of payments to be paid for the maintenance and support of the children of the parties, depends upon the circumstances of each case and rests largely in the discretion of the trial court. Its judgment will not be disturbed on appeal except in a case of clear abuse. *Koufasimes v. Koufasimes,* 206 Or 400, 407, 293 P2d 200; *Feves v. Feves,* 198 Or 151, 162, 254 P2d 694; *Strickland v. Strickland,* 183 Or 297, 304, 192 P2d 986.

■ In making these awards, it is proper to take into consideration the social standing, comforts, and luxuries of life which the wife and her children probably would have enjoyed but for the divorce. *Strickland v. Strickland,* supra, and *Feves v. Feves,* supra.

■ Our review of the entire record convinces us that the money and property awards made to plaintiff were just and proper, and that the trial judge not only

adhered to the foregoing rules, but also brought its conclusion in harmony with the rules found in the following cases as a guide to such determination. *Siebert v. Siebert,* 184 Or 496, 502, 199 P2d 659; *McDonald v. McDonald,* 197 Or 275, 281, 253 P2d 249; *Miles v. Miles,* 185 Or 230, 232, 202 P2d 485.

Affirmed.