Argued November 30, affirmed December 7, 1960

# TROMBLEY *v.* TROMBLEY

357 P. 2d 283

*Leo Levenson,* Portland, argued the cause for ap-

pellant. With him on the brief was Fred Allen, Newport.

*Frank H. Spears,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf, James H. Clarke and Nicholas H. Zumas, Portland.

Before McAllister, Chief Justice, and Warner, Perry, Goodwin and King, Justices.

PER CURIAM.

The defendant appeals from that part of the decree in this suit for divorce which awarded plaintiff $150 a month for her maintenance and $375 a month for the support of their three sons, respectively, five, four and two years old. In addition, it obligated defendant to maintain life insurance policies for the benefit of each child in the amount of $15,000. He was also charged with the payment of plaintiff's attorneys' fees and costs in the circuit court.

Defendant contends that the financial obligations created by the decree are unreasonable and will render the defendant, a practicing doctor of medicine, "virtually impecunious and without ability to meet the financial obligations." We do not so read the record.

The parties were married in 1952. Both are doctors of medicine. Following plaintiff's graduation from medical school, she worked and partially supported her husband during the last two years of his professional training. During the period of defendant's residency and his internship after his graduation in 1954, she contributed her earnings to their joint support. In 1957 they moved to Newport, Oregon, where

defendant was associated with a local physician on a substantial salary basis. That was terminated in October, 1958, when he acquired by purchase the practice of a Waldport doctor and thereafter practiced alone. As revealed by the record, this he did with striking financial success.

From the defendant we learn that his gross business for the year 1959 was $46,000, represented by $34,000 in cash receipts and $11,000 in accounts receivable; that after payment of expenses, but before taxes, he had a net cash income of approximately $17,000. From his collection experience he anticipates a 50 per cent recovery in his accounts receivable. The defendant stated that his practice was "stabilized" and that what he received on old accounts in 1959 is indicative of what could be expected for 1960.[1]

■ The trial judge is granted a broad range of discretion by the provisions of ORS 107.100 to award to the spouse not at fault an amount of money for her maintenance and for the nurture and education of her minor children. His judgment will not be disturbed on appeal except in a case of clear abuse. *Koufasimes v. Koufasimes,* 206 Or 400, 407, 293 P2d 200 (1956); *Smith v. Smith,* 212 Or 654, 656, 320 P2d 1111 (1958); *Strickland v. Strickland,* 183 Or 297, 304, 192 P2d 986 (1948).

■ In making such determination for the benefit of the wife and children it is proper for the court, as far as practicable, to take into consideration "the social standing, comforts, and luxuries of life" which she and their children probably would have enjoyed but for the divorce. *Strickland v. Strickland,* supra

---

[1] The "round" figures employed in this paragraph proximate the accurate "book" figures disclosed by the testimony of defendant and his accountant.

(183 Or at 304); *Feves v. Feves,* 198 Or 151, 165, 254 P2d 694 (1953).

■ We hold that the amounts awarded by the trial court were just and proper and warranted by the record and are not as suggested by defendant a threat to impecuniosity.

■ The decree is affirmed. Plaintiff is awarded $500 for the services of her counsel in this court. ORS 107.100(3).