Argued April 27, affirmed July 23, 1970

RENNEBOHM, *Appellant, v.* RENNEBOHM,
*Respondent.*

472 P2d 835

*J. Ray Rhoten*, Salem, argued the cause for appellant. On the brief were Rhoten, Rhoten & Speerstra, Salem.

*Edward L. Clark, Jr.*, Salem, argued the cause for respondent. With him on the brief were Clark & Marsh, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is a divorce case. The husband is the plaintiff, with the wife having counterclaimed for similar relief. The trial court granted a divorce to the defendant, awarded her custody of their five children, divided their assets and ordered the plaintiff to make certain payments. Plaintiff has appealed from those portions of the decree awarding custody to the wife, dividing the property and ordering payments.

Plaintiff is a psychiatrist, having practiced his profession in Salem for a number of years. Plaintiff's income is well above average. Defendant is a licensed pharmacist but has not practiced her profession in recent years except for brief periods of a day or so at a time. All five children of the parties live in the family home with the wife. At the time of trial, the oldest was 17 and the youngest was 9.

The trial court announced its intention of making an approximately equal division of the assets between the parties. While the parties differ in their interpretation of the values of the assets, it appears to us, after winnowing through the rather voluminous record, that the trial judge approximately accomplished his objective. He took indebtedness as well as assets into

account in arriving at the result contained in the decree. That procedure was proper.

■ The trial court saw both of the parties and heard their testimony and the testimony of other witnesses. He also had the benefit of a report prepared by the court's family consultant, based upon the stipulation of the parties. The parties appear to love their children and either would be a suitable person to have their custody. We cannot say the court was in error in awarding custody to the mother of the children. *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969).

■ Plaintiff was ordered to pay $125 per month per child for support, $130 per month alimony and the monthly payments on the mortgage and taxes on the home awarded to the wife. At the time of trial, these payments totaled approximately $1,000 per month, plus the county clerk's collection charges. Assuming that the plaintiff continues to make the same income that he made in the year prior to the divorce, and assuming that his office expenses, income taxes and payments to his retirement plan continue at the same level, plaintiff will have almost $500 per month for personal expenses in comparison to the $1,000 per month which is the total benefit to the other six persons involved in this litigation. Both parties will find it necessary to curtail their expenditures below their previous level. We think the trial court divided the income as equitably as the situation would allow.

Plaintiff's income can reasonably be expected to increase, but even if it does not, he can expect his payments to the defendant to be lessened in future years as the children become of age or are emancipated. He can also expect improvement in his own financial affairs when existing loans are paid. There is no indi-

cation in the record that the trial court was taking punitive action against plaintiff, as was condemned in *Miles v. Miles,* 185 Or 230, 236, 202 P2d 485 (1949). In fact, the judge expressly disclaimed any idea of penalty in making his awards of property and maintenance.

This case bears some similarities to *Trombley v. Trombley,* 225 Or 209, 211, 357 P2d 283 (1960), where the Supreme Court said:

> "The trial judge is granted a broad range of discretion by the provisions of ORS 107.100 to award to the spouse not at fault an amount of money for her maintenance and for the nurture and education of her minor children. His judgment will not be disturbed on appeal except in a case of clear abuse. *Koufasimes v. Koufasimes,* 206 Or 400, 407, 293 P2d 200 (1956); *Smith v. Smith,* 212 Or 654, 656, 320 P2d 1111 (1958); *Strickland v. Strickland,* 183 Or 297, 304, 192 P2d 986 (1948).

> "In making such determination for the benefit of the wife and children it is proper for the court, as far as practicable, to take into consideration 'the social standing, comforts, and luxuries of life' which she and their children probably would have enjoyed but for the divorce. *Strickland v. Strickland,* supra (183 Or at 304); *Feves v. Feves,* 198 Or 151, 165, 254 P2d 694 (1953)."

Affirmed. Costs to neither party.