Argued January 21, affirmed as modified March 5, petition for rehearing denied March 30, petition for review denied May 18, 1971

EMERY, *Appellant, v.* EMERY, *Respondent.*

481 P2d 656

*Robert F. Nichols*, Lakeview, and *Richard C. Beesley*, Klamath Falls, argued the cause for appellant. With them on the briefs were Beesley & Lee, Klamath Falls.

*Richard J. Smith*, Klamath Falls, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Plaintiff appeals from that portion of a divorce decree of the Circuit Court for Lake County which granted her what she considers an inadequate award of alimony and an inequitable share of property.

When she and defendant were married in 1961, they had known each other for some 20 years. At the time of their marriage neither had any substantial amount of property. As defendant prospered in his business, however, the parties enjoyed an increasingly higher standard of living. During the last four or five years of the marriage they drew $1,000 per month for living expenses and resided in one of the nicer homes in Lake County. Defendant moved out of the family home in Lakeview in April 1969 because of marital difficulties and the parties have not lived together since that time. They have two children who were aged six and four at the time of trial in 1969. The court found that plaintiff had established her grounds and was entitled to a divorce.

During the marriage defendant was in the logging business with his brother and they had accumulated substantial assets in this business, defendant's

equity according to his records being $58,725 as of September 30, 1969. In 1967 defendant and his brother invested in a ranch property and defendant's equity according to his records as of September 30, 1969, was $41,680. Defendant's income for the three years preceding the year of divorce was:

| | |
|---|---|
| 1966 | $33,935 |
| 1967 | $63,900 |
| 1968 | $59,962 |

Plaintiff received as a gift from her father prior to the divorce, 218 shares of stock in the Taylor Ranch valued at $21,800 and an inheritance, upon her father's death shortly before the divorce, of $25,000. Defendant stated that he made no claim to the above mentioned stock or to the $25,000 inheritance.

The court allowed support money of $100 per month per child for the two children and $50 per month to plaintiff as alimony. The court made the following division of the other assets:

| To defendant: | |
|---|---|
| Equity in Emery Logging | $58,725 |
| Equity in "24 Ranch" | 41,680 |
| | $100,405 |

| To plaintiff: | |
|---|---|
| Cash in savings | $ 2,000 |
| Bonds | 1,675 |
| 1968 Chrysler automobile | 2,900 |
| Household furnishings | 5,000 |
| | $11,575 |

■ The appellate decisions in Oregon on cases involving division of property and allowance of alimony

are replete with statements such as "The trial judge is granted a broad range of discretion. His judgment will not be disturbed on appeal except in a case of clear abuse." "The trial court did not abuse its discretion." But we review de novo. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

*Hannan* reminds us that de novo review is a trial anew in the fullest sense, with the findings of the trial court being given no weight except on disputed questions of fact, where credibility of witnesses is the issue. In this case there was virtually no dispute as to the pertinent facts. Our examination of the record leads us to conclude that the allowance to plaintiff of $50 per month alimony, when considered in connection with the division of the assets of the marriage, approximately $100,000 to defendant as against approximately $11,000 to plaintiff, is less than fair and equitable. We believe it would be fair to award plaintiff an additional sum of $10,000 as a division of property, payable at $200 per month including interest at the legal rate, and to increase the award of alimony from $50 to $300 per month, and it is so ordered. This is consistent with the rule that in making an award for the benefit of the wife and children,

> "* * * it is proper for the court, as far as practicable, to take into consideration 'the social standing, comforts, and luxuries of life' which she and their children probably would have enjoyed but for the divorce. * * *" *Trombley v. Trombley*, 225 Or 209, 211, 357 P2d 283 (1960).

The court had agreed at trial that delinquent support and maintenance payments from the previous preliminary court order should be handled as a judg-

ment in the divorce decree, which defendant concedes. The court, apparently through inadvertence, failed to include it in the decree. The amount is computed to be $798.50. The court also failed to make any provision for attorney fees. This, too, probably was an oversight. We find plaintiff was entitled to a reasonable attorney fee.

■ The decree also is modified to award plaintiff a judgment against defendant for $798.50 accrued support and maintenance and $750 attorney fees.

Affirmed as modified.