Argued September 17, reversed and remanded November 18, 1974

In the Matter of the Dissolution of the Marriage of
DELF, *Appellant, and* DELF (No. 72-3483),
*Respondent.*
528 P2d 96

*William E. Flinn,* Eugene, argued the cause for appellant. With him on the brief was Flinn, Lake & Brown, Eugene.

*Roy Dwyer,* Eugene, argued the cause for respondent. With him on the brief was Dwyer & Jensen, Eugene.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

This is an appeal from a modification dated May 22, 1974 of the support and visitation provisions of the decree of dissolution of the marriage of Gregory and Halina Delf granted in January, 1973. The decree gave custody of the couple's two children, now aged seven and eight, to their mother. Appellant, Mr. Delf, has faithfully made all support payments and exercised his visitation rights. The modification was made necessary by the mother's planned move to Boston with her new husband and the children which will make the present visitation arrangements unworkable.

Our review in this case is *de novo*. We therefore make our independent determination of the issues from the record as a whole. *Van v. Van,* 14 Or App 575, 513 P2d 1205 (1973); *Emery v. Emery,* 5 Or App 133, 481 P2d 656, *rev den* (1971). Appellant raises four assignments of error, each of which we will deal with separately.

First, appellant assigns as error the raising of his child support payments from $75 to $90 per month per child. Every support order is subject to modification upon a showing of a substantial change in the material circumstances of the parties. *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1963). Among the types of changes most commonly considered are increased income of the parents and the increasing cost of raising children as they grow older and their needs increase, *see Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); *Strickland v. Strickland,* 183 Or 297, 192 P2d 986 (1948); *Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974). That does not, however, justify a modification each time a party receives a cost-of-living increase in

income or the consumer index raises a point or the child ages by a year or month. Such changes are within a range which are reasonably foreseeable at the time of the entry of the decree and must be considered to be contemplated by it. To justify a modification of the decree, there must be a change of circumstance of a nature or degree beyond what was contemplated by the decree. *See* Anno., Child Support Decree—Modification, 89 ALR2d 7, 21.

■ The changes asserted here are the increased cost of living, the increased cost of raising children as they grow older, and an increase in Mr. Delf's net income of approximately $30 net a month. None of them, however, are of a degree substantially beyond that change which must have been anticipated only 17 months earlier when the decree was entered. Thus they do not justify a modification of that decree.

■ Whether the mother's discretionary move to Boston can trigger increased liability of the father for support need not be decided. Such a move can only be considered as a factor justifying increased support if a substantial financial impact is demonstrated. No financial impact on the wife and the children due to the move to Boston was shown. On the contrary, the major financial burden of the move will be on appellant since he is assuming an added $1,600 expense every year for the benefit of the children as well as himself to transport them for their visitation periods.

We therefore hold that the wife has not shown changed circumstances since the entry of the decree of dissolution which would justify modification of the support provisions of that decree. The child support shall remain at $75 per month per child.

■ Appellant's second assignment of error concerns the refusal of the lower court to abate support payments during visitation periods exceeding 15 days. In view of the burden of the wife to assume all of the fixed expenses of raising the children, such as housing, clothing and education, the relatively low amount of the child support payments, and the desirability of simplicity and regularity in the payment schedule, we decline to order an entire or partial abatement during extended visitation periods.

Appellant also contends that the lower court erred in allowing him a visitation period of only five weeks during the summer. Under the previous arrangement, the father could visit with his children two weekends a month, one month every summer, part of Christmas vacation and every other birthday. Because this schedule becomes unworkable upon the mother's move to Boston, the circuit court modified the decree to allow visitation for five weeks every summer (July 1 thru August 5), plus Christmas vacation in even numbered years and spring vacation in odd numbered years. Petitioner complains that he will now receive many fewer days of visitation than before, but the children's time cannot be divided as a property right. The mother testified that she feels she is entitled to the company of the children during a larger part of the summer vacation so that they do not regard her as the disciplinarian and their father as the good-times parent. This is a legitimate desire, but having good times with one's children can also occur during the school year. The desires of the parents, however, are a secondary concern in awarding visitation rights.

■■ There are two basic policies to be achieved in the granting of visitation privileges to a parent who

does not have custody: The right of the child to the emotional, social and learning benefits of as stable a relationship as is possible with both of the parents, and the right of a parent to know and share the love of the child. These policies can best be achieved among good and loving parents like these, by giving to the non-custodial parent extensive visitation so as to approximate a normal familial relationship, so long as that does not interfere with the children's relationship with the custodial parent. That can seldom be done, but in the case at bar, there is an undeniably close relationship between the father and his children, no claim is made that the children are harmed by contact with their natural father and the father, a teacher, has time in the summer to devote to the children. In such a situation, the court should fashion a visitation schedule which will maximize the benefit to the children by helping them retain their relationship with their father, despite the difficulties created by the mother's decision to move to Boston with the children.

In *McGetrick v. McGetrick,* 204 Or 645, 652, 284 P2d 352 (1955), the Supreme Court said:

"* * * Parenthood is a continuing bilateral responsibility and opportunity. It cannot be avoided nor successfully divided. A decree of divorce offers no excuse or alibi for the abatement of parental interest or obligation.

"The dissolution of the marriage contract, leaving in its wake children who are the innocent victims of the resultant broken home, should be a challenge to the fathers and mothers of such children to make an even greater effort to minimize, as far as possible, the incidental and unavoidable losses of love, counsel and guidance."

In order to help the father perform his role adequately in this situation and minimize the effect of the sepa-

ration on the children, the summer vacation should be as long as possible, particularly in view of the distance involved, which makes frequent visitation impossible. This extended visit is primarily for the benefit of the children so that they can know, be influenced by, and experience the love, counsel and guidance of both of their parents, but we also recognize the right of the father to reasonable access to his children.

Accordingly, we hold that the visitation period should be extended from five to seven weeks, lasting from July 1 thru August 19. This will leave the mother with approximately three weeks of the summer vacation to spend with her children.

Appellant's final assignment of error concerns the spacing of visits during the school year. The court below granted the father visitation rights for Christmas vacations of even numbered years and spring vacations of odd numbered years. Appellant wishes to change this to Christmas and spring vacations of even numbered years in order to have a more even temporal spacing of the visits. Respondent offers no reason why this should not be done. Accordingly, in order to space the visitation periods more evenly throughout the year, which should help the father and his children maintain a regular relationship, we hold that the visitation should take place during Christmas and spring vacations of even numbered years.

Reversed and remanded for entry of an order modifying the decree consistently with this opinion.