In the Matter of the Marriage of
ZACH, *Appellant,*
*and*
ZACH, *Respondent.*
(No. 83225, CA 6051)

ZACH, *Respondent,*
*v.*
ZACH, *Appellant.*
(No. 84871, CA 6051)

554 P2d 565

*Myron L. Enfield,* Salem, argued the cause for appellant. With him on the brief was J. Wallace Gutzler, Salem.

*Ralph W. G. Wyckoff,* Salem, argued the cause for respondents. With him on the brief was Peter L. Peterson, Woodburn.

Before Schwab, Chief Judge, and Fort, Judge, and Sloan, Senior Judge.

SLOAN, S. J.

## SLOAN, S. J.

In the dissolution case, Zach and Zach, the issue on this appeal is the division of property ordered by the trial court. In the consolidated petition of Elizabeth Helene Zach, as the minor child of Edward Zach by a former marriage, the issue is the trial court's order extending required support payments beyond the age of 18.

Prior to the Zach marriage in 1970, the two parties had entered into a real estate business as partners. Each had contributed substantial assets to the partnership business. Edward Zach was a real estate broker; Martha E. (Olson) Zach was a licensed sales agent. The partnership continued, very actively, until about the time the parties separated in January of 1974.

When the trial of this case started in October of 1974 it became apparent to the court that a referee was needed to attempt to untangle the partnership property and arrive at some reasonable valuation of the respective items of the partnership assets. These assets were the marital assets as well. The court appointed a certified public accountant as referee for that purpose. When the referee's report was filed, both parties filed objections. These specific objections were not specifically ruled on by the court. But in the court's written opinion, it was said that the referee's report provides a "pretty good" analysis of the assets and liabilities and of the respective contributions thereto. The court utilized this report to assist in the division of assets.

In the referee's report the referee stated that the properties brought into the partnership had been improved with partnership funds, sales had been made and the proceeds of the sales had been received by the partnership. The referee found that it was impossible to determine the "precise amounts" of partnership funds that had been reinvested in all the individual properties brought into the partnership. The referee also found that the partnership was "continuously buying,

selling and developing properties in the partnership * * *." The referee concluded that he could not "unravel" the individual assets contributed to the partnership in relation to the numerous transactions.

We are confronted with the same problem. Appellant-husband asks that this court make a more equitable division than that ordered by the trial court. This court concludes that the trial court's division was fair and as even as possible. And the record literally defies any attempt to second guess the trial court's decision. The husband does not submit any specific workable suggestions as to how he would change the trial court's division.

We conclude, therefore, that the trial court's division of the property was as even, fair and equitable as the circumstances and the record made permits. *Johnson v. Johnson,* 245 Or 10, 15, 419 P2d 28 (1965). We affirm the trial court's decree.

In respect to the order awarding support payments beyond the age of 18 we are compelled to reverse. The petition of Elizabeth Zach was filed pursuant to ORS 109.100. That statute permits a "minor child" to file a petition in the designated court to compel a parent to provide support. In this case the court ordered support payments for so long as Elizabeth remains in school but not past her 21st birthday.

The issue on appeal, as stated, is requiring the support payments beyond the age of 18.

The duty to support, absent a statute to the contrary as in ORS 107.108, terminates at the age of majority. *See* extensive discussion of the duty of a parent to provide education in *Jackman v. Short,* 165 Or 626, 109 P2d 860, 133 ALR 887 (1941), and the decision of this Court in *Lekas v. Lekas,* 23 Or App 601, 543 P2d 308 (1975), Sup Ct *review denied* (1976). In *Lekas,* we held that after the effective date of the amendment to ORS 109.510 (which was October 5, 1973; this petition was

filed in 1974) child support payments could not be required after the child attained 18 years of age.[1]

■ Consequently, where the Legislative Assembly in 1973 amended ORS 109.510 to reduce the age of majority from 21 years to 18, without any appropriate amendment to ORS 109.100, it resulted in terminating the duty to support at age 18 instead of 21. It follows that the order in this case must be reversed to eliminate all support provisions beyond the age of 18 including the requirements for medical insurance.

Affirmed in part; reversed in part. Costs to neither party.

---

[1]No contention is made that ORS 109.510 applies to this case.