Argued December 16, 1976, reversed, no costs to either party
February 14, 1977

VOISS, *Appellant,*
*v.*
VOISS et al, *Respondents.*
(No. 352 199, CA 6567)
559 P2d 1317

Margaretta Eakin, Portland, argued the cause and filed the briefs for appellant.

Douglas M. Fellows, Portland, argued the cause for respondents. With him on the brief were Fellows, McCarthy & Zikes, PC, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

[ 581 ]

**FORT, J.**

The wife sought and obtained a modification of the child support portion of a previously modified 1970 decree,[1] and the husband appeals.

The court stated its reason for allowing the request, as follows:

"THE COURT: * * * Now, Mrs. Voiss, I want to make something pretty clear to you. You can't come into this Court every couple of years. *The only reason I can find the change* is the doctor, in 1974, agreed to pay up to $700 a month for the two boys and your daughter. Your daughter didn't pursue her education, but the boys apparently are. It's the same amount of dollars as is being shifted. There wouldn't be any other way in the future to modify this, again." (Emphasis supplied.)

The wife's evidence shows that she is a tenured school teacher, was earning nearly 20 per cent more after the 1975 increase in child support was granted to her than at the time of this order in June 1976, with a further increase expected in September; that she had bought another home upon which the monthly mortgage payments of $362 were $100 a month more, although the home acquired was of less value, than had been paid for the one she sold; and that one of her daughters, Karen, now past 18, had of her own volition quit school, gone to work and was paying her $100 a month for board and room.

---

[1]The original decree was subsequently modified concerning child support on several occasions. The last such modification was entered pursuant to stipulation on January 3, 1975, and so far as here relevant provided:

"2. Effective January 1, 1975, child support to be paid by plaintiff to defendant shall be $250 each per month for James and Eric;

"3. Effective January 1, 1975, for each month until September 15, 1977 in which Karen Voiss is a full-time student, child support shall be paid by plaintiff to defendant in the amount of $200.00 per month for Karen Voiss. * * *"

We note that at the time this motion to increase child support was filed in May 1976, Karen Voiss was 19, James Voiss was 18, and Eric Voiss was 15.

Furthermore, concerning the two boys for whom the increased support was sought, she testified:

"Q   The boys work, do they not? They contribute to their clothing expenses?

"A   Well they are working part-time, yes. Jim, full time possibly.

"Q   What do you mean, 'possibly.'

"A   Well, I don't know how—what his summer school schedule will be. He is working part-time at present. He may be working full time."

The evidence also showed that the older of the two boys, now aged 18, was to enter college in the fall. An outstanding student, he would be receiving annual scholarship aid totaling $3,050. At the time of the last order in 1975 he was still in high school. He testified that he worked 35 hours a week at the time of the hearing (June 1976) with take-home pay of $60 a week.

Finally, we note that at the time of the last order in January 1975 the father, a physician, was taking the boys as exemptions on his tax return. At the time of this hearing the mother was claiming the boys as dependents upon hers. Since his income is substantially higher than that of the mother, this reflects not only an added economic benefit to the mother, but an even larger reduction in his spendable income.

So far as the record shows there has been no increase in the husband's income since the 1975 order.

The obligation to support children runs primarily although not always entirely to and for the use and reasonable needs of the individual child, not to children as a class. If the law were otherwise, then the youngest child would benefit the most, the eldest the least. In reality if the rule were otherwise, child support as a generic concept reflected in a single figure would rapidly become a supplementary order of spousal support so long as any child remained unemancipated, and little reason to distinguish, as do all such statutes, between support for the wife and support for

the children would exist. Such was not the legislative intent.

In *Zach and Zach,* 26 Or App 695, 554 P2d 565 (1976), we said:

> "The duty to support, absent a statute to the contrary as in ORS 107.108, terminates at the age of majority * * *." 26 Or App at 698.

In *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974), we said:

> "* * * Among the types of changes most commonly considered are increased income of the parents and the increasing cost of raising children as they grow older and their needs increase, see *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); *Strickland v. Strickland,* 183 Or 297, 192 P2d 986 (1948); *Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974). That does not, however, justify a modification each time a party receives a cost-of-living increase in income or the consumer index raises a point or the child ages by a year or month. Such changes are within a range which are reasonably foreseeable at the time of the entry of the decree and must be considered to be contemplated by it. To justify a modification of the decree, there must be a change of circumstance of a nature or degree beyond what was contemplated by the decree. *See* Anno., Child Support Decree—Modification, 89 ALR2d 7, 21.
>
> "The changes asserted here are the increased cost of living, the increased cost of raising children as they grow older, and an increase in Mr. Delf's net income of approximately $30 net a month. None of them, however, are of a degree substantially beyond that change which must have been anticipated only 17 months earlier when the decree was entered. Thus they do not justify a modification of that decree." 19 Or App at 441-42.

We conclude that neither the evidence nor the law supports the modification ordered by the trial court.

Reversed. No costs to either party.