Argued April 7, affirmed May 10, 1967

HOFER, *Respondent, v.* HOFER, *Appellant.*

427 P. 2d 411

See also 244 Or 88, 415 P.2d 753.

*Leo Levenson,* Portland, argued the cause for appellant. With him on the briefs were Dwight L. Schwab, Hutchinson, Schwab & Burdick, Portland.

*Thomas H. Tongue,* Portland, argued the cause for respondent. With him on the brief was Fred B. Duffy, Portland.

Before McAllister, Presiding Justice, and O'Connell and Redding, Justices.

REDDING, J. (Pro Tempore).

This is an appeal by defendant wife from certain portions of a decree which awarded her a divorce, monthly alimony and certain properties. The parties were married on June 30, 1934. For both this was their first and only marriage. As issue of the marriage two daughters were born, both of whom are now of age. Plaintiff husband is 54 years of age and defendant is 56 years of age.

Defendant has appealed only from that portion of the decree which pertains to the property and alimony award, contending that the award is not adequate under the circumstances.

Defendant wife was awarded a judgment against plaintiff for $6100, attorney fees in the sum of $6500 and her costs and disbursements. Plaintiff, by the decree, is required to pay defendant, as alimony, $425.00 per month commencing with February, 1966, and continuing through January, 1967. Thereafter, the alimony payments are reduced to $350.00 per month, continuing until her death or remarriage. The decree further awarded to defendant a substantial portion of the property of the parties.

The evidence tended to show that during the marriage the parties accumulated the following properties, largely by gifts from the husband's family:

1. A 30/100 partnership interest in E. Hofer & Sons—gift from his family.

2. One-fifth interest in the Hofer Building, held by plaintiff and defendant as tenants by the entirety—gift from his family.

3. An 18-foot Beechcraft Bonanza trailer house, which cost plaintiff $2500 in 1964, and an equity in a used 1960 International ½-ton pickup, which was purchased by plaintiff for $2250 in January, 1964.

4. Two units of U-Haul trailers—one-half owned by plaintiff, with his brother, Lawrence, owning the other half—gift from his father.

5. Farm equipment on a ranch. One-half owned by plaintiff, with his brother, Lawrence, owning the other half—gift from his father.

6. A $50,000 policy of life insurance on the life of plaintiff, with a cash surrender value of $5600.

7. A tract of land consisting of slightly more than 20 acres, on which the family home of the parties is situated. This property is owned by the parties as tenants by the entirety—gift to plaintiff from his family.

8. Household furnishings, furniture and equipment in the family home.

9. A 20-acre tract, improved with a log house. This tract adjoins the tract on which the family home is located—gift to plaintiff from his family.

10. A tract of logged-off land of approximately 550 acres adjoining the family home and owned by the parties as tenants by the entirety—gift from his family.

11. An unimproved lot at Pacific City, Tillamook county, and an unpaid balance on a contract of sale of an adjoining lot improved with a house, held as tenants by the entirety by the parties.

12. An unimproved lot on Blakely Island in the state of Washington.

Defendant now and for the past 24 years has lived in the family home hereinabove referred to. She testi-

fied that her living expenses and the costs of maintaining the home required from $600 to $700 per month. Her principal complaints concern the claimed inadequacy of the monthly alimony payments, and the failure of the court to award to her the $50,000 life insurance policy on the life of the plaintiff, with the further requirement that plaintiff be required to pay the annual premium of approximately $1,500 on said policy of insurance.

As one of the bases for the award of alimony, the facts relating to the plaintiff's earnings, according to the uncontradicted income tax returns, are that the plaintiff had an average gross income from all sources of $17,924.05 for a five-year period immediately prior to the decree, that is to say for the calendar years 1960-1965, both inclusive, and had an average net income after taxes of $13,715.69 for said period.

The testimony of the respective parties and their witnesses as to the value of the several items of real and personal property accumulated by the parties during the marriage is conflicting in some instances. From a careful review of the record as to market value, it would appear that the trial judge attempted, so far as was feasible, to divide the property of the parties equally between them. Defendant was awarded items of property hereinabove numbered 7 through 12, except for item 10, in which defendant was given an undivided one-half interest in common with plaintiff.

It would appear from the record that the real and personal property awarded to the defendant by the decree has a total market value of at least $100,000 and very possibly $125,000. Defendant complains that while none of the property awarded to her is income bearing, much of the property awarded to the plaintiff is income bearing. This is true as to plaintiff's 20 per-

cent interest in the Hofer Building and plaintiff's 30 percent partnership interest in E. Hofer & Sons publishing enterprise, and plaintiff's one-half interest in two units of U-Haul trailers, valued at $5,000. The Hofer Building is occupied by E. Hofer & Sons publishing enterprise for which no rent is paid. Other income from said building, if any, is minimal. The plaintiff, his brother and his father, as co-partners, own the E. Hofer & Sons publishing enterprise. Each of the partners devotes his full time to such enterprise. The salary of each partner is subject to the pleasure of the partnership. Obviously, it would have been impractical, if not impossible, to award defendant an interest in E. Hofer & Sons publishing business. Concerning the fractional interest owned by the parties in the Hofer Building, we question whether it would have been to defendant's advantage to have said property substituted for any item of property of equal value awarded to defendant. This is so, for while the 20 percent interest of the parties in said building in defendant's hands would produce no income, it does indirectly increase plaintiff's income. Plaintiff's income in turn undoubtedly was a material factor considered by the trial judge in fixing the amount of the alimony award.

■ This court in *Smith v. Smith,* 212 Or 654, 656, 320 P2d 1111 (1958) held:

"The amount of alimony to be awarded  *  *  * depends upon the circumstances of each case and rests largely in the discretion of the trial court. Its judgment will not be disturbed on appeal except in a case of clear abuse. *Koufasimes v. Koufasimes,* 206 Or 400, 407, 293 P2d 200; *Feves v. Feves,* 198 Or 151, 162, 254 P2d 694; *Strickland v. Strickland,* 183 Or 297, 304, 192 P2d 986."

■■ Likewise in *Siebert v. Siebert,* 184 Or 496, 502-503, 199 P2d 659 (1948), this court further held:

"In determining whether alimony should be paid, as well as the amount thereof, courts are vested with a wide range of discretion. This power of determination is neither arbitrary nor uncontrolled. Much depends upon the particular facts of the individual case. Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. *Fuller v. Fuller,* supra, *Duff v. Duff,* 268 Ky. 343, 104 S.W. (2d) 1095; 17 Am. Jur., Divorce and Separation, § 597, p. 467 * * *."

■ Our review of the entire record persuades us that there was no abuse of discretion on the part of the circuit judge in the awards of money and property made to the defendant and that the decree must, therefore, be affirmed, without costs to either party.

Affirmed.