Argued July 10, affirmed August 22, 1969

ELLIKER, *Appellant, v.* ELLIKER,
*Respondent.*

457 P2d 668

*James W. Walton,* Corvallis, argued the cause for

appellant. On the briefs were Ringo, Walton & Mc-Clain, Corvallis.

*LaVerne M. Johnson*, Corvallis, argued the cause for respondent. On the brief were Thomas & Johnson, Corvallis.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is an appeal by plaintiff husband from a decree which awarded to the wife a divorce, alimony and certain properties. The parties were married on August 27, 1938. Three children were born to the marriage. The two sons are emancipated. The daughter was 17 years of age at the time of trial.

Defendant wife was awarded custody of the minor child, $150 per month for the care, support and maintenance of the daughter, $350 per month alimony, $1,000 lump sum alimony and certain real and personal property.

Appellant claims error in the award of monthly alimony and requests that the amount be reduced to $200 per month for a period of ten years. He also requests that the decree be modified by awarding him certain capital stock, giving all of the home property to the wife, and requiring the wife to pay the existing mortgage on the home. He does not object to the granting of the divorce and the award of the daughter's custody to the respondent.

At the time of trial the plaintiff was 57 years of age and the defendant 53. Neither is in perfect health.

Plaintiff is a college professor and at the time of trial his salary as a department chairman was $20,760

per year. In addition, he received consulting fees totaling $1992 per year. The future prospects for his consulting fees are somewhat uncertain. He will be required to take a year's sabbatical leave twice prior to his retirement at age 65. His income will be reduced while on sabbatical leave. He also contemplates withdrawing as chairman of his department and returning to teaching. If he does this, his income as a teaching professor will be less than his income as chairman. The testimony as to future reductions in his earning power was indefinite and speculative. Each of the parties has some additional income from property awarded to them by the trial court.

■ The plaintiff insists that the defendant is employable, therefore does not need the entire sum of $350 per month alimony. Her doctor and the doctor employed by the plaintiff to examine her both testified that she was physically able to do limited work where she could be seated a great part of the time but where she would be able to move around occasionally. Mrs. Elliker asserts that she is not regularly employable. We agree. It seems unlikely that a person with her physical handicaps and lack of significant job experience will actually locate regular employment.

The parties differ widely as to the value of certain of the properties distributed by the decree but upon reviewing the evidence we find the division reasonable.

■ The law governing cases such as this has been well expressed in *Hofer v. Hofer,* 247 Or 82, 427 P2d 411 (1967); *Smith v. Smith,* 212 Or 654, 320 P2d 1111 (1958); and *Siebert v. Siebert,* 184 Or 496, 199 P2d 659 (1948). In *Siebert v. Siebert,* supra, pages 502 to 503, the Oregon Supreme Court said:

"In determining whether alimony should be

paid, as well as the amount thereof, courts are vested with a wide range of discretion. This power of determination is neither arbitrary nor uncontrolled. Much depends upon the particular facts of the individual case. Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. Fuller v. Fuller, supra, Duff v. Duff, 268 Ky. 343, 104 S. W. (2d) 1095; 17 Am. Jur., Divorce and Separation, § 597, p. 467 * * *."

We have examined the evidence in this case and have applied to it the criteria set forth in *Siebert*. We find that the alimony award and the property division made by the trial court are reasonable.

The decree is affirmed, with costs to the respondent.