Argued February 10, affirmed March 26, 1970

STETTLER, *Respondent, v.* STETTLER,
*Appellant.*

467 P2d 130

*Dale W. Pierson,* Salem, argued the cause for ap-

pellant. With him on the brief were Allen, Stortz, Pierson & Barlow, Salem.

*Bruce W. Williams,* Salem, argued the cause for respondent. With him on the brief were Williams, Skopil, Miller & Beck, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

This case presents a challenge by the defendant husband to the property division and lump sum alimony award made by the trial judge, who granted a divorce, itself unchallenged, to the plaintiff.

■■ The rules governing the distribution of property in a divorce case were recently described by the Supreme Court in *Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966). The court said:

> "As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. Justice BAILEY, speaking for the court upon this question, in *Flanagan v. Flanagan,* 188 Or 126 at 145, 213 P2d 801 (1950) points out:
>
> > " 'Much depends upon the particular facts of the individual case in determining the amount of or interest in the property of the other party to be awarded to the party not at fault. The matters to be considered are mostly the same as those pertaining to the allowance of permanent alimony. *  *  *' " 245 Or at 15.

In *Hofer v. Hofer,* 247 Or 82, 427 P2d 411 (1967), the court discussed the rules relating to a grant of alimony. It said:

> "This court in *Smith v. Smith,* 212 Or 654, 656, 320 P2d 1111 (1958) held:
>
>> " 'The amount of alimony to be awarded * * * depends upon the circumstances of each case and rests largely in the discretion of the trial court. Its judgment will not be disturbed on appeal except in a case of clear abuse. *Koufasimes v. Koufasimes,* 206 Or 400, 407, 293 P2d 200; *Feves v. Feves,* 198 Or 151, 162, 254 P2d 694; *Strickland v. Strickland,* 183 Or 297, 304, 192 P2d 986.'
>
> "Likewise in *Siebert v. Siebert,* 184 Or 496, 502-503, 199 P2d 659 (1948), this court further held:
>
>> " 'In determining whether alimony should be paid, as well as the amount thereof, courts are vested with a wide range of discretion. This power of determination is neither arbitrary nor uncontrolled. Much depends upon the particular facts of the individual case. Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. * * *' " 247 Or at 86-87.

Here the parties had each been previously married. The wife brought two minor children to the new home, the husband one. There was no issue from this eight-year union. Both worked full-time outside the home, the wife earning $420 and the husband $880 a month.

During the eight years of the marriage the parties had acquired a limited amount of nonliquid per-

sonalty, substantial debts, eight and one-half acres with a partially completed home thereon, heavily encumbered, having very little equity, and an interest in the form of a speculative option on some unimproved city realty.

As the Supreme Court said in *Chatterton v. Chatterton,* 208 Or 434, 301 P2d 1034 (1956):

> "We have carefully read the record. It comes to us impressed with the advantages that a trial judge has but which are denied to us. The trial judge can give weight to the testimony of the witnesses as he sees and knows them on the stand and can take into account their conduct while testifying under oath. Ofttimes the tone of voice is more eloquent than the spoken word, the readiness of response, or the slow and carefully worded answer give greater clue to the honesty or want of forthrightness of the one testifying than we can glean here from the written record alone. Therefore, when in doubt, and we have none here, our doubts are necessarily resolved in support of the jurist who saw and heard the witnesses. *Hayward v. Morrison,* 194 Or 335, 351, 241 P2d 888; *Claude v. Claude,* 180 Or 62, 79, 174 P2d 179. His conclusions attain additional weight when fortified by the years of experience we know the trial judge in this matter to have. \* \* \*" 208 Or at 435-36.

■ A careful review of the record reveals no reason to upset the carefully considered awards of property and lump sum alimony made here by the long experienced trial court.

The decree of the trial court is affirmed without costs to either party.