Argued May 31, affirmed June 23, 1972

WILLEY, *Respondent-Cross-Appellant, v.*
WILLEY (No. 350-578), *Appellant-Cross-Respondent.*
498 P2d 385

*Frank M. Ierulli,* Portland, argued the cause for appellant-cross-respondent. With him on the briefs was Paul Gerhardt, Portland.

*Lloyd W. Weisensee,* Portland, argued the cause for respondent-cross-appellant. With him on the brief were Fredrickson, Heath, Weisensee, Barton & Cox, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant wife appeals from a decree of divorce in her favor, alleging the trial court erred by not allowing alimony to her.

The parties were married in 1964. Defendant had two and plaintiff four children by former marriages. Defendant was receiving monthly income from the Veterans' Administration, social security and United States Civil Service widows' benefits at the time of the marriage, all of which ceased with the marriage. Her children's social security benefits continued. The evidence is that defendant's social security and Veterans' Administration benefits are restorable with the divorce. Her remaining dependent child receives additional benefits.

Soon after the marriage defendant incurred cancer which necessitated surgery on several occasions; she has arthritis now, and is disabled. However, she has cash in savings accounts and value in cattle and ranch property conservatively worth $40,000 without encumbrance.

Plaintiff receives gross annual income of $18,500 from his government employment. Each month $495 is withheld from his pay. He has a substantial obligation—$340 per month—for support of his children. He has no property or savings of substance.

The decree awarded to defendant wife the home which was worth $18,000 and subject to a $13,500 lien. Both parties had contributed to its purchase. She also received most of the furnishings, plus other personal property, mostly purchased with her funds.

The trial judge held several hearings on the matter, and wrote a well-considered memorandum opinion outlining the reasons for his decision. After reviewing the record, we agree with his conclusions and his application of the principles we restated in *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970).

Affirmed.