Argued March 28, affirmed April 23, petition for rehearing denied
May 30, petition for review denied July 3, 1973

MROZEK, *Respondent, and* MROZEK, *Appellant.*

509 P2d 55

*Ridgway K. Foley, Jr.*, Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Paul R. Meyer,* Portland, argued the cause for respondent. With him on the brief were Kobin & Meyer, Portland.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

This suit for dissolution of a marriage resulted in a decree allowing the dissolution, awarding the petitioner wife custody of the 13-year-old son, $150 a month child support and a division of property. The husband appeals.

The issues presented by the appeal relate to the award of custody to the mother, the amount of child support and the award of two items of property. No appeal is taken from the order dissolving the marriage, and there is no cross-appeal.

Although both the record and the briefs are voluminous, particularly on the question of custody, we see no reason from our review of them to set forth the facts here. *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973). In making its award the trial court had the advantage of a study made pursuant to ORS 107.425 (1). *Goode v. Goode,* 4 Or App 34 at 38, 476 P2d 805 (1970). Competent psychiatric testimony was also adduced in addition to that of both parties. As was

the trial court, we too are satisfied that the boy should be, as he is, in his mother's custody.

■ Concerning the property division, appellant contends the former family home in New Jersey, which he now occupies, should have been awarded to him rather than being equally divided between the parties. The wife worked as well as the husband throughout the marriage. At the time of the separation she was earning from $18,000 to $22,000 a year, while the husband was earning $11,000. Thus, her contributions to its purchase were indeed substantial. Furthermore, it was the principal asset accumulated during the marriage. There was no error.

■ During the marriage an educational fund for the child was set up by the parties. At the time of the separation there was $600 in the account and $1,000 at the time of trial. The court ordered the money to be held under the Oregon Gift to Minors Act (ORS 126.805-126.880) and managed and controlled by the wife pursuant thereto and, for that purpose, the funds delivered to her. We agree.

■ Finally, the husband contends the child support should be reduced. At the time of trial he was earning $12,000 per year. The mother conceded at trial that the ordinary direct costs for the boy could be covered by $100 a month. However, the child was undergoing psychiatric treatment at the time of trial. The court stated:

"In view of the earnings of Mr. Mrozek, on the indicated psychotherapy treatments that the boy must have, I find that the sum of $150 per month is a reasonable amount for the father to pay for his support."

We agree with the trial court that at the present time such an award is reasonable in relation to the needs of the child on the one hand and the ability of the husband to pay upon the other.

Affirmed.