Argued May 17, affirmed as modified and remanded
June 17, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
BATES, *Respondent, and* BATES (No. 22230),
*Appellant.*
523 P2d 579

*Gary J. Susak,* La Grande, argued the cause for appellant. On the brief were T. J. Gooding, and Carey & Gooding, La Grande.

*Ross E. Hearing,* La Grande, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Appellant-husband's appeal in this dissolution-of-marriage case challenges the division of property and support provisions of the decree.

The parties were married in December of 1946. Their three oldest children are now emancipated; the three youngest children, now teenagers, are in the custody of the respondent-wife. The husband is 53 and the wife is 48. Their health is adequate. The husband's salary in 1972 was $17,842. He expects salary increases in the future and some income from farm land he owns. The wife has not been employed since the parties' marriage. She claims she cannot now obtain employment, a claim disputed by her husband.

By way of property division, the trial court awarded to the wife the family residence and furnishings, two savings and one checking account, some savings bonds and a 1962 Chevrolet. The court awarded to the husband 80 acres of farm land, a credit union account, a 1968 Ford pickup and camper, a checking

account and assorted personal property. According to the husband's valuation evidence, the wife received about two-thirds of the parties' property. According to the wife's valuation evidence, the parties each received substantially the same amount of property.

■ We are more persuaded by the wife's valuation evidence and hold the division to be "just and proper in all the circumstances," ORS 107.105 (1)(e), with one minor exception. One of the bank accounts awarded to the wife was a Pioneer Federal Savings & Loan account with a balance of about $5,400. The parties testified that this account had been established to be used for their children's college educations. The wife here argues that in light of this fact she is, in effect, holding this account as a trustee and it should not be considered as awarded to her for purposes of examining the division of the parties' property. The decree should be modified to reflect the position the wife now takes. Either the account can be ordered held under the Oregon Gift to Minors Act, ORS 126.805-126.880, and managed and controlled by the wife pursuant thereto, as was done in *Mrozek and Mrozek,* 13 Or App 362, 509 P2d 55, Sup Ct *review denied* (1973); or the account can be formally changed to a trust account; or any other comparable provision can be made that is agreeable to the parties or is fashioned by the trial court. We remand to the trial court so that it can modify the decree in accordance with these views.

■ By way of support, the husband was ordered to pay the wife the sum of $275 per month until the wife remarries or reaches the age of 65. The husband protests this is too generous as to amount and duration. A very limited record presents problems in considering this contention. The wife testified that she did not

consider herself qualified for any employment, although she admitted she had not sought employment. The husband presented no evidence relevant to the wife's employability, but now argues "she is employable, she is trainable, and she should be encouraged to work."

■ We only know that the wife has not worked since World War II, having devoted herself to her family since 1946. Given this fact, we think it was incumbent upon the husband to present some evidence to support his claim that work was available for the wife if only she would seek it. While the amount and duration of support may be on the generous side, we cannot say that support is beyond the range of reasonableness under the standards stated in *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970), and *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 (1974).

Affirmed as modified and remanded.