Argued May 17, affirmed June 17, 1974

In the Matter of the Dissolution of the Marriage of
MILLS, *Respondent, and* MILLS (No. 32996),
*Appellant.*
523 P2d 583

*Lynn Moore,* Springfield, argued the cause for appellant. With him on the brief were Moore, Wurtz & Logan, Springfield.

*Roger B. Todd,* North Bend, argued the cause for respondent. With him on the brief were Flaxel, Todd & Flaxel, North Bend.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.
In this dissolution-of-marriage case, appellant-

husband asks that we reduce the amount and duration of support awarded by the trial court to respondent-wife.

The parties began living together in 1952. In 1963 they were formally married. The wife brought three children by a prior marriage into the home. The parties had one child of their own. All the children are now emancipated. The wife is 52 years of age; the husband is 45. The husband is in good health and steadily employed as the Master of a tugboat. He earned about $23,500 in 1973. The wife has experienced a variety of health problems, although it is difficult to ascertain from the record how disabling they are. She has not worked outside the home since commencing her relationship with the husband. Her only work experience consists of brief employment as a bartender in 1949. Her formal education stopped after the eleventh grade.

The trial court's decree ordered that husband pay support to the wife as follows: $500 per month for 24 months; then $400 per month for 24 months; then $300 per month for 24 months; support to then terminate.

In *Stettler v. Stettler*, 2 Or App 119, 467 P2d 130 (1970), we reviewed the standards governing the amount of support to be ordered in dissolution cases. In *Kitson and Kitson*, 17 Or App 648, 523 P2d 575 (1974), we reviewed the standards governing the duration of support to be ordered in dissolution cases. Applying these standards we do not find the trial court's disposition in this case inappropriate.

The husband protests that the trial court's order requires him to pay more than $28,000 over the next

six years. However, if his income remains at its current level for six years, his support obligations will only be about 20 percent of his earnings. We find no basis for disturbing the limited security afforded the wife by the trial court's decision.

Affirmed.