Submitted on record and briefs March 18,
affirmed as modified April 7, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

McKIBBAN, *Appellant,* and McKIBBAN
(No. 29100), *Respondent.*

533 P2d 362

S. David Eves, Corvallis, filed the brief for appellant.

James Eickelberg, Corvallis, filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

The husband appeals from a decree of dissolution and argues that the trial court erred in awarding the wife a disproportionate amount of the property plus support.

The parties were married 30 years and had one child, a daughter now emancipated. Husband is a retired Air Force colonel, 56 years old, in good health, receiving gross monthly retirement pay of $1,334 (with net after taxes of $934) and $225 take-home pay from a part-time job. Wife, age 55, was a homemaker during the marriage, and is not in good health due to arthritis and other ailments. Both parties have bachelor degrees.

The unique feature of this case is that approximately 15 years ago the wife received title to a 160-acre Iowa farm from her father's estate through a verbal arrangement (not by inheritance) that it was to remain in the wife's family. Obviously, this verbal understanding created only a moral obligation and is not legally binding, which the wife concedes. The average annual income to the wife from the farm over the past 12 years was $2,816 and the average for the

past three years was $5,566.67. The wife's testimony concerning the farm was as follows:

"Q Did the Judge correctly say that there is a family understanding that this farm would remain in your family?

"A It was discussed in the lawyer's office between the aunts, my sister who was living at that time and myself, that it would be kept within the family.

"Q Do you consider yourself to be bound by that?

"A I do.

"Q Do you consider that you are free to sell it?

"A If I wanted to I suppose I could, but I have no desire to because it's the family wishes that it be kept in the family."

At the hearing the husband submitted an appraisal showing that the farm was worth $165,000 and the wife conceded that it had a value of approximately $160,000. The wife testified that she intended to keep the farm intact for the parties' daughter. This intent had been known to the husband prior to the time he commenced these proceedings.

Excluding the farm, the wife received assets of approximately $19,000 and the husband $7,000. However, this disproportionate distribution must be considered along with the husband's retirement income, with "cost-of-living" provision, which the wife helped him accrue.

For the purpose of comparison only, we note that capitalization of the husband's gross retirement income of $16,008 at 8 per cent amounts to $200,400. Adding to that the $7,000 of other assets awarded to the husband, he received a total value of $207,400 which, at 8 per cent annual return, would yield $16,592.

By contrast, if the wife sold the farm for $165,000 and the other $19,000 of assets awarded to her were added, and the $100 per month support awarded was capitalized at 8 per cent (being $15,000) she received a grand total of $199,000 which, at 8 per cent, would yield an annual return of $15,920.

The comparable annual yields would tend to indicate that the decree was proper, except for the fact that the cost of an annuity policy on the husband's life (with expectancy of approximately 20 years) would be substantially less. Likewise, we recognize that the wife's net from the sale of the farm would, after taxes, be substantially less. The record does not disclose that counsel or the trial judge used the capitalization method to arrive at the apportionment of marital assets, but we find that it does provide some assistance in testing the fairness of the decree.

In the matter of property division, we are charged with doing what is "* * * just and proper in all the circumstances." ORS 107.105(1)(e). This court has previously said:

> "As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. * * *" *Stettler v. Stettler,* 2 Or App 119, 120, 467 P2d 130 (1970).

■■ We hold that the wife's farm must be considered as one of the marital assets notwithstanding the family agreement. Although the decree expressly provided for termination of the $100 per month support

if the wife "remarries or sells the Iowa farm," we find that the order for support should be eliminated from the decree.

Affirmed as modified.