On appellant's reconsideration filed January 20, reconsideration granted, former opinion filed December 22, 1980 (49 Or App 903, 620 P2d 967) adhered to March 9, petition for review denied April 21, 1981 (290 Or 853)

In the Matter of the Marriage of

JEWELL,
*Respondent,*
*and*
JEWELL,
*Appellant.*

(No. D7808-13288, CA 15891)

624 P2d 1092

Ira L. Gottlieb, and Douglas S. Hess, Portland, for petition.

John S. Marandas, Portland, contra.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

**BUTTLER, J.**

Thornton, J., dissenting.

## BUTTLER, J.

We have granted wife's petition for reconsideration, not because we conclude our decision to affirm the trial court's child custody award was wrong, but because we agree that our opinion doing so may have been too abbreviated and conclusory: it is subject to an interpretation that in any domestic relations case we affirm the trial court unless we can say that it was clearly wrong. That interpretation would be too broad, although our ultimate decision, after giving due deference to the trial court's opportunity to hear and see the parties and witnesses, may be based upon our conclusion that the appellant has not persuaded us that the trial court determination was wrong. That is the case here.

The subject of *de novo* review of domestic relations cases by appellate courts has been the subject of discussion altogether too often, and, perhaps, with some apparent inconsistencies. *See* discussion in *McCoy and McCoy,* 28 Or App 919, 922 *et seq.,* 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977). If we were to engage in *de novo* review in its purest sense, we would ignore everything done by the trial court, giving neither sanctity nor deference to anything the trial judge found or concluded. We would, however, be less than candid if we made it appear that we approach appellate review in these cases that way.

Long before this court was conceived, or was even a gleam in the eyes of the legislative assembly, the Supreme Court said in *Rea v. Rea,* 195 Or 252, 245 P2d 884 (1952):

"* * * We are constrained to add however, that we have grave doubts as to whether any appellate court, acting on a cold record, is as likely to arrive at a wise decision concerning child custody, as is the trial judge who sees the parents, hears the testimony, and observes the child. It is for this reason that we have repeatedly held that the decision of the trial court is entitled to great weight in such cases. This court is ill-equipped to exercise a wise and humane discretion on a record which, of necessity, fails to disclose the subtle, but highly persuasive, evidences which are manifest to the trial judge. A wise appraisal of the character, fitness, emotional stability, affection, hostility, or motive, of the parties to a contested divorce case, who are

competing for the custody of a child, or a like appraisal of the inner attitude of the child itself, requires more than can generally be made to appear on the printed page." 195 Or at 261.

Later, that court stated that it would not reverse the trial court unless there is "clear abuse of discretion," *Hofer v. Hofer,* 247 Or 82, 86, 427 P2d 411 (1967), or unless the determination is "clearly erroneous." *Sandner v. Sandner,* 243 Or 349, 350, 413 P2d 424 (1966).

Notwithstanding those pronouncements, after our creation we stated our own version of our review function when, in *Cavilee and Cavilee,* 21 Or App 506, 535 P2d 774 (1975), we said:

"'* * * Our review is de novo upon the record, consisting of a 'trial anew in the fullest sense,' with the findings of the trial court being given no weight except on disputed questions of fact where credibility of witnesses is the issue. [Citations omitted.]." 21 Or App at 508.

But not long thereafter, the Supreme Court stated that: "We are not inclined to overrule the trial judge unless it clearly appears he is wrong." *Settle and Settle,* 276 Or 759, 772, 556 P2d 962 (1976).

We suggested in *McCoy and McCoy, supra,* that some of the apparent inconsistencies might be explained by considering whether the appellate court was referring to its review of factual questions or was referring to the equitable remedies applied by the trial court. Although that inquiry may help, the fact remains that appellate courts in Oregon reviewing domestic relations cases have not, historically, started with a *carte blanche;* it must be shown that the trial court was wrong, based upon the record on review. The significance of *de novo* review is that it permits the appellate court to exercise its independent judgment without being bound by the trial court.

In *McCoy,* notwithstanding the above language quoted from *Cavilee,* we stated that we should give weight to the trial court's findings any time the opportunity to see and hear witnesses is important, the weight depending on the degree of importance. We went on to point out that there were many situations where observing the witnesses

was vital even though there was no conflict in the testimony or no question of truth or falsity. We said: "* * * This is particularly pertinent in domestic relations cases where delicate human relationships are at stake. The witnesses' sincerity, conviction, self-reliance or discipline, temperament, and other personality traits may be the pivotal concern." 28 Or App at 924. We went on to say: "* * * While *de novo* review may be characterized as a trial anew, the burden is on the appellant to show that the lower court made a mistake. * * *" 28 Or App at 926.

██ Although nothing would be gained by our reiterating the foregoing approach to appellate review in domestic relations cases each time we write an opinion, we agree that some amplification of what we said in our original opinion here is warranted. The appellant has not persuaded us that the trial judge was wrong, and we *do* defer to the trial judge's opportunity to hear and observe the parties and witnesses, including the children involved. We were, and are, satisfied that the best interests and welfare of the children is served by awarding custody to the father, taking into account the factors enumerated in ORS 107.137, and giving no preference to the mother for the sole reason that she is the mother.

Petition for reconsideration granted; former opinion adhered to.

**THORNTON, J.,** dissenting.

I dissent for the same reasons expressed in my dissent to the previous majority opinion. *Jewell and Jewell,* 49 Or App 903, 620 P2d 967 (1980).