Argued and submitted May 16, affirmed in part, reversed in part
and remanded August 10, reconsideration denied September 30,
petition for review denied October 25, 1983 (295 Or 840)

BEAL,
*Respondent,*

*v.*

GILCHRIST TIMBER COMPANY,
*Appellant.*

(A8007-04330; CA A25627)

667 P2d 575

James N. Westwood, Portland, argued the cause for appellant. With him on the briefs were Peter C. Richter, and Miller, Nash, Yerke, Wiener & Hager, Portland.

James S. Coon, Portland, argued the cause for respondent. With him on the brief was Welch, Bruun and Green, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff brought an action under ORS 659.121(1), claiming that her discharge from employment constituted sex discrimination. The trial court found in her favor and awarded her reinstatement, back pay and injunctive relief. Defendant appeals, assigning as errors (1) the court's order that plaintiff be reinstated and its refusal to limit the back pay award to one of three earlier dates, (2) the amount of attorney fees awarded plaintiff and (3) the injunction against discrimination against other persons. We affirm in part, reverse in part, and remand.

■ We review *de novo. Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 864, 618 P2d 15 (1980). Although we accord weight to the findings of the trial judge who hears conflicting testimony, *see Main v. Howard,* 52 Or App 797, 804, 629 P2d 870 (1981); *Jewell and Jewell,* 51 Or App 129, 624 P2d 1092 (1981), there is little conflict in the testimony relevant to the issues on appeal.

Defendant hired plaintiff and another woman on February 5, 1979, and assigned them to work outdoors to remove ice, bark and debris from beneath a debarker machine. The sawmill supervisor told plaintiff and her co-worker that the job was temporary and would last a minimum of two weeks. The supervisor also told plaintiff and the co-worker that their employment might or might not develop into a permanent job, depending on openings becoming available while they were employed. At trial, defendant's vice-president estimated that the clean-up job at the debarker would have lasted two to three weeks. Plaintiff agrees that she was told the job was temporary when she was employed, and she so described the job later when she filed a complaint with the Bureau of Labor. Near the end of the shift on February 6, the supervisor fired plaintiff and the co-worker. Defendant does not appeal the trial court's finding that plaintiff's discharge was on the impermissible ground of sex. ORS 659.030(1)(a).

The trial court concluded that plaintiff was entitled to reinstatement with seniority and back pay from her discharge on February 6 until the date of trial, May 7, 1982. The backpay amounted to $39,066 plus interest. In a letter opinion the judge explained that back pay until trial was warranted when all employes are hired initially on a temporary basis and when the

employe has a reasonable expectation of permanent employment.

 Although the trial judge's proposition is persuasive in the abstract, the record does not contain any evidence that all employes, or that any substantial number of employes, were hired initially on a temporary basis; nor is there any evidence that employes hired on a temporary basis, as a matter of practice, became permanent employes. We find no substantial evidence that plaintiff's temporary position, in particular, would have evolved into a permanent position. Plaintiff *hoped* she might work permanently.[1] The supervisor testified that he had said that plaintiff's employment might or might not become permanent, depending on whether another opening were to appear while she was working. No one, however, testified that a permanent position ever became available in the weeks immediately following plaintiff's employment, and no one in any way suggested that plaintiff probably would have continued on a permanent basis. Plaintiff's employment in a temporary "entry-level position" or a "laborer position," without more, does not necessarily indicate permanency. We hold that, when a term of employment is temporary or for a fixed term, back pay may only extend to the end of the period that the factfinder determines the plaintiff would have been employed but for the discrimination. *See Welch v. University of Texas,* 659 F2d 531 (5th Cir. 1981); Absent a better evidentiary foundation showing that longer employment probably would have resulted, plaintiff is not entitled to back pay beyond three weeks or to reinstatement.[2]

 Defendant also claims that the trial court erred in awarding plaintiff $10,000 attorney fees, because, defendant contends, they are excessive. We find no reason to disturb the trial court's award of fees. Although plaintiff did lose in her effort to recover compensatory and punitive damages, the fee

---

[1] Another employe testified that employes generally had a couple of weeks to *learn* their jobs and become oriented. He did not testify that plaintiff's position would typically evolve into a permanent one. Plaintiff testified that her supervisor said her job was temporary; she added, "[B]ut I believe there is also a thirty-day temporary thing for every new employee." Plaintiff's apparent reference to a *probationary* period must be distinguished from *temporary* employment. Her testimony does not establish that temporary employes always or even usually become permanent.

[2] This case was not tried on the basis that plaintiff was hired for statistical purposes with the intent to discharge her soon afterwards.

for the work was reasonable in the light of the absence of an appellate decision construing ORS 659.121(1). Further, in the light of the labor involved and the skill of counsel, we find that the trial court did not abuse its discretion when it awarded the attorney fees.

■ Finally, defendant urges that the trial court erred by issuing an injunction that restrained defendant from discriminating against plaintiff and "any other person" by reason of sex. Defendant presents a number of arguments protesting the reference to other persons, but we need discuss only one.

Plaintiff brought this action under ORS 659.121(1) on her own behalf. She did not bring a class action, nor did any other person join as co-plaintiff. Plaintiff did not request any injunctive relief as to a particular employment practice that, if cured as to her, would necessarily benefit other employes; hence, relief in this action need not include nonparties as an incident to or necessary part of plaintiff's remedy. *See Gregory v. Litton Systems, Inc.,* 472 F2d 631, 633-34 (9th Cir 1972). The injunction is overly broad. Accordingly, the trial court erred in extending relief, with the threat of contempt, for the benefit of others not parties to the action.

The judgment is affirmed as to attorney fees and modified to vacate reference to injunctive protection as to others; reversed as to reinstatement; and remanded for a redetermination of the amount of back pay due for the remainder of the three week period.